## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern District)

| | | |
|---|---|---|
| **LILLIAN PARKER** | * | **Case No.: 1:10-cv-01073** |
| **1400 Fillmore Street** | * | |
| **Apartment 202** | * | |
| **Baltimore, Maryland 21218** | * | |
| | * | |
| **PLAINTIFF** | * | |
| | * | |
| **V.** | * | |
| **OFFICER CALVIN MOSS** | * | |
| **Sequence Number G491** | * | |
| **Baltimore Police Department** | * | |
| **242 West 29th Street** | * | |
| **Baltimore, Maryland 21211** | * | |
| | * | |
| **DEFENDANT** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **OFFICER DANIEL HERSL** | * | |
| **Baltimore Police Department** | * | |
| **242 West 29th Street** | * | |
| **Baltimore, Maryland 21211** | * | |
| | * | |
| **DEFENDANT** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **UNKNOWN OFFICERS** | * | |
| **242 West 29th Street** | * | |
| **Baltimore, Maryland 21211** | * | |
| | * | |
| **DEFENDANT** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the plaintiff, Lillian Parker (hereinafter "Plaintiff"), by and

through her undersigned counsel and pursuant to the Federal Rules of Procedure and

1

Maryland Rule 2-101, hereby files this Complaint for Relief and sues the above-named Defendant for money damages and for reasons states the following:

## INTRODUCTION AND JURISDICTION

1.      At all times relevant herein, the Plaintiff was a resident of Baltimore City, Maryland residing at the above mentioned address.

2.      At all times relevant herein, Officer Calvin Moss (hereinafter "Defendant Moss"), Officer Daniel Hersl (hereinafter "Defendant Hersl), and Unknown Officer Defendants were employed by the Baltimore Police Department and were regularly engaged in such employment in Baltimore City, Maryland.

3.      At all times relevant herein, the above named Defendants were on duty and performing their official duties as a law enforcement officer when they performed the acts complained of in this Complaint and when they committed the tortious conduct more particularly described in the body of this Complaint and were at all times pertinent to this matter acting within the scope of their employment.

4.      Pursuant to the Annotated Code of Maryland, Courts & Judicial Proceedings Article, Section 6-102, jurisdiction and venue of this matter is proper for the State of Maryland.

5.      Pursuant to the Annotated Code of Maryland, Courts & Judicial Proceedings Article, Section 5-304, timely and appropriate notice of the facts giving rise to this Complaint was properly served upon the City Solicitor of Baltimore.

## II. JURISDICTION AND VENUE

6.      Federal jurisdiction in this matter is conferred through 28 USC § 1331 and 1343 and supplemental jurisdiction through 28 USC § 1367;

2

7.      Venue in this district is proper under 28 USC § 1391 in that the Plaintiff resides in, the Defendants are employed in, and the cause of action arises the Northern District of Maryland;

8.      The amount in controversy exceeds $75, 000.00 (Seventy-Five Thousand Dollars), excluding interests and costs.

## FACTS COMMON TO ALL COUNTS

9.      Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 8 in this facts section as if fully set forth in its entirety.

10.     The Plaintiff, on or about May 11, 2007, after finishing her duties as a cafeteria worker at Lethwalk Elementary School 10, a public school in Baltimore, Maryland, and decorating her church for an upcoming weekend prayer breakfast; she then drove to the area of Harford Road and Darley Avenue to give a family friend, tickets to the church prayer breakfast which was scheduled for the next weekend;

11.     Plaintiff went to the residence of family friends and began conversing.

12.     Becoming hungry, the Plaintiff proceeded to walk on the 1600 block of Normal Avenue, a public thoroughfare in Baltimore City, Maryland, with the intention of becoming a business invitee at the local carry-out restaurant.

13.     As Plaintiff walked down the 1600 block of Normal Avenue awaiting her friend, she received a call on her cellular phone from her friend telling her to wait where she was and that her friend would meet her at that location and the Plaintiff could deliver the Church's prayer breakfast tickets to her on the street;

14. That at or near that location, several individuals had been stopped by officers of the Baltimore City Police Department.

3

15.   In a short while, Plaintiff's friend began to approach Plaintiff on Normal Avenue, when at approximately this same time Plaintiff was approached by a male Baltimore Police Officer.

16.   At that point the male Baltimore Police Officer, identified as Defendant, Officer Daniel Hersl, approached the Plaintiff and asked her how she was doing.  Plaintiff responded appropriately and pleasantly.

17.   Despite her response, Defendant Hersl, without provocation, unlawfully detained the Plaintiff requiring her to walk with him away from her friend arriving to pick up the tickets.

18.   That Plaintiff questioned the Defendant Hersl as to why she was leaving the area at which she had been told to wait by her friend and the Defendant replied insisting she comply with his order and Plaintiff complied, therefore, as a result of his instruction, Plaintiff's movement was restricted and she was not free to leave.

19.   Despite Plaintiff's compliance with the Defendant's instruction, and her lack of involvement in any ongoing Police investigation or being at a location sufficiently close to the investigation, Plaintiff, who was over 50 years old, having no prior criminal record, and no warrants for her arrest was then ordered to sit down on the street and she complied with said instruction.

20.   Defendant Moss then ordered Defendant Unknown Officer to detain, hold, and grab the Plaintiff offensively and without her consent and placed in handcuffs and then and there be immediately arrested and charged with felonies for crimes relating to narcotic violations under Maryland law, while both Defendant Moss, Defendant Hersl and other unknown officers knew or should have constructive knowledge that there was

4

no reasonable suspicion, probable cause, or actual knowledge that Plaintiff committed any criminal activity.

21.    That as a result of the improper stop, unwanted and unwarranted touching, being falsely arrested, publicly falsely accused and arrested, the Plaintiff sustained extreme embarrassment and humiliation from being arrested without probable cause and legal justification in front of her friends, family, and the community at-large, and the Plaintiff further sustained severe emotional, mental, and physical pain, as well as loss of dignity as a result of the Defendants' illegal and unjustified arrest of her.

22.  That due to the improper acts of the Defendants, the Plaintiff was incarcerated for more than two days in the Baltimore City Central Booking Intake Facility.

23. That her arrest required her to retain and pay for counsel to represent her.

24.  That she was required to take off work and lose income as a result of her improper arrest and detention.

25.  That she was publicly humiliated arrested in front of her family members and other people in the community.

26.  That on the first trial date, the Assistant State's Attorney upon reviewing all facts and allegations against her, determined that the matter should be dismissed and that the matter was dismissed in open Court at the request of the State and a Nolle Prosequi was entered.

27.  That there was no basis to initially charge the Plaintiff with any crime nor did probable cause or reasonable suspicion of any wrongdoing exist at the time of her arrest.

28. That the Defendants' actions during the incident with Plaintiff were motivated by anger, hate and ill will.

## COUNT I
### (Battery)

29.    That the Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 29 as if fully set forth fully in this Count I and further states;

30.    That the Defendants, without the Plaintiff's consent or permission, on multiple occasions during the improper arrest, touched her in a harmful and offensive manner without legal justification when the Defendants himself grabbed, or while in concert with other Defendants by ordering and directing other officers to grab the Plaintiff's arms and forcefully pulled them behind her back and when the Defendant Moss and those he ordered, directed, and others they worked in concert with, twisted the Plaintiff's arms and wrists as the Unknown Defendant Officer at the behest of Defendant Moss placed handcuffs on the Plaintiff which were an additional offensive touching without her consent or permission and without justification or right.

31.    That the Plaintiff was caused to suffer physical pain and emotional distress as the Unknown Defendant Officer pulled and twisted the Plaintiff's arms and wrists and the Plaintiff continues to suffer continuing emotional pain and distress.

32.    The Defendants' actions during her encounter with the Plaintiff were motivated by Defendant's anger, hate and ill will against her as an individual.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars

($1,000,000.00) in punitive damages, plus interest and costs, against the Defendants for Battery.

## COUNT II
### (False Imprisonment)

33.  Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 32 as if fully set forth in this Count II and in further support of her cause states;

34.     That all Defendants detained Plaintiff against her will without consent and without legal justification at the time of the initial stop on Normal Street, and continued to improperly imprison her and prevent her from leaving when the Unknown Defendant Officer  forcibly removed and/or had the Plaintiff forcibly removed from the public street in handcuffs and transported to the Central Booking Intake Facility and when the Defendants effected the illegal and unjustified arrest on the Plaintiff.

35.     The Plaintiff states that the Defendant Moss and Defendant Hersl and Unknown Defendant Officer,  whom he directed and acted in concert with forcibly detained Plaintiff against her will, without consent, and without legal justification when the Defendant had the Plaintiff transported to the Central Booking Intake Facility and when the Defendant forced the Plaintiff to remain at the Central Booking Intake Facility as the Defendant placed unwarranted, unjustified, and false criminal charges against the Plaintiff.

36.     As a result of the Plaintiff's illegal detention and arrest by the Defendants, the Plaintiff suffered economic loss, severe emotional distress, extreme embarrassment, loss of dignity, and humiliation.

37.    The Defendant's actions during her encounter with the Plaintiff were motivated by anger, hate, and ill will against her as an individual.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for False Imprisonment.

**COUNT III**
**(False Arrest)**

38.    Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 37 as if fully set forth in this Count III and in further support of her cause states;

39.    That the Defendants detained and arrested her without legal justification and without probable cause to believe that the Plaintiff had committed any crime for which the Defendants could make an arrest and in this particular situation they arrested her without a warrant and could not and did not observe her performing any activity which would lead a reasonable person to believe she had committed a crime of any kind.

40.    That there was no lawful basis for her detention or arrest or imprisonment, the Defendants took these actions against her due to her mere presence on the sidewalk at that time, an action which she was lawfully permitted to undertake.

41.    That as she was only present to deliver tickets to an upcoming Church Breakfast there was no lawful justification of any kind for the Defendant(s) to detain her, nor was there any evidence which would lead a reasonable person to be suspicious or evidence sufficient to show probable cause to support her warrantless arrest in this matter nor to charge her with any crime.

8

42.    That the Defendant knew or should have known that their actions would subject an individual such as the Plaintiff to being incarcerated, damage to her reputation, jeopardize her employment and embarrassment and that they intended these consequences to her individually.

43.    That the Defendants' actions were motivated by actual malice, hate and ill will for the reasons and inferences advanced throughout this Complaint.

44.    That the Plaintiff did suffer financial and economic loss, severe emotional distress, extreme embarrassment, and humiliation as a result of her illegal arrest and detention by the Defendant.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for False Arrest.

## COUNT IV
### (Abuse of Process)

45.    Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 44 as if fully set forth in this Count IV and in further support of her cause states;

46.    That the Defendant,  despite having knowledge that the Plaintiff had not committed any infractions of the law, the Defendant did deliberately and willfully chose to arrest the Plaintiff for seven charges including conspiracy to distribute narcotics and possession of firearms (crimes similar to the individuals being arrested by the Defendants who were later determined to be not guilty of such crimes) and the Defendant(s) deliberately and willfully chose to subject the Plaintiff to the criminal justice system by

9

way of detention and criminal proceedings knowing that the Plaintiff had not committed a crime;

47.     The Defendant knew or should have known that he did not have probable cause to subject the Plaintiff to the criminal justice system or criminal proceedings and that by arresting the Plaintiff without probable cause to believe that the Plaintiff had committed a crime, the Defendant was in fact using the criminal justice system in an improper and illegal manner.

48.     The Defendant's actions were motivated by actual malice, improper motive, (i.e. to teach the Plaintiff a lesson for not leaving the scene of a pending arrest where she might observe the Defendants' arrest procedure or improper behavior), and a total disregard for the Plaintiff's as an individual personal liberty and constitutional rights.

49.     The illegal arrest and detention required the Plaintiff to be physically locked in a cell, placing her in extreme danger for over two days, terrifying her, and caused the Plaintiff to suffer extreme emotional distress, embarrassment and humiliation.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for Abuse of Process.

## COUNT V

### (Malicious Prosecution)

50.   Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 49 as if fully set forth in Count V and in further support of her cause states;

10

51.    That the Defendants arrested her without any reason, justification or probable cause and that her arrest was motivated by actual and implied malice.

52.    The Plaintiff's criminal case terminated in her favor, since the Office of the State's Attorney refused to prosecute the case against her, entering a Nolle Prosequi at the time of trial.

53.    That there was absolutely no evidence, facts, or genuine allegations that the Plaintiff committed any of the seven criminal acts alleged by the Defendants.  The Defendants' decision to arrest, charge, and bring the Plaintiff before the courts and the criminal justice system was motivated by his or their actual malice, anger and ill will towards the Plaintiff, individually,   and not by any genuine desire to see justice done for a criminal act.

54.    The Plaintiff was subjected to criminal proceedings that were not based on probable cause and she was forced to defend herself against criminal charges that the Defendants knew were fictitious at all times.

55.    The Plaintiff suffered and continues to suffer severe emotional distress, embarrassment and extreme humiliation from being charged and arrested by the Defendants without any probable cause to believe the Plaintiff committed any crimes.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for Malicious Prosecution.

## Count VI

### (Intentional Infliction of Emotional Distress)

56. Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 55 as if fully set forth in Count VI and in further support of her cause states.

57.     The Plaintiff further states that she suffered and still suffers severe and persistent emotional distress as a result of the Defendants' actions and that the Defendants' actions were extreme, outrageous, malicious, willful, intentional, and beyond the norm of decency in a civilized society.  The Defendants' conduct was intentional, reckless, and made with a deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

58.     The Plaintiff states that the Defendants intentionally and deliberately arrested and charged her with a crime that the Defendants knew the Plaintiff did not commit because the Defendants were angered by Plaintiff's remaining on the street with the ability to observe the Defendants' conduct as police officers and their actions.

59. The Defendants made a conscious decision to create, fabricate and/or manufacture a statement of facts to charge the Plaintiff with a crime knowing the Plaintiff had not committed a crime.

60.  The Defendant(s) was motivated by malice, ill will, and hatred towards the Plaintiff.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for Intentional Infliction of Emotional Distress.

12

## COUNT VII

### (Invasion of Privacy – False Light)

61.  Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 60 as if fully set forth in this Count VII and in further support of same states;

62.    The Plaintiff further states that the Defendant(s) actions improperly placed her in a false light before the public when she was arrested and detained the Plaintiff on a public street in front of her daughter and others, made her sit on the ground, handcuffed her and then paraded and walked the Plaintiff around in handcuffs before her daughter and other, and the general public despite the Defendant's knowledge that the Plaintiff had not committed a crime.

63.    The Plaintiff states that the people who were outside observed her being arrested and that the Defendants falsely gave the public the impression that the Plaintiff was a criminal or had committed a crime.  The Defendants falsely attributed conduct and characteristics to the Plaintiff that the Defendants knew were not true and were highly offensive to any reasonable person and knew that by making such claims she would incur the injuries she did incur and potentially worse.

64.    The Defendants' actions were committed with ill will and actual malice against this individual Plaintiff for the reasons described and inferred in the aforementioned paragraphs of this complaint.

65.    The Plaintiff has suffered and continues to suffer great embarrassment, loss of dignity, and humiliation from being arrested by the Defendant without any probable cause or reason to believe that the Plaintiff had committed any crimes.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendants.

## COUNT VIII

### (Article 24 of the Maryland Declaration of Rights)

66.     Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 65 as if fully set forth in this Count VIII and in further support of her cause states;

67.     The Plaintiff further states that the Defendants violated the Plaintiff's state constitutional rights under the Maryland Declaration of Rights when they arrested and detained the Plaintiff without Due Process of Law  and deprived the Plaintiff of her liberty and freedom.

68.     The Plaintiff states that the Defendants knew that the criminal charges that were placed against the Plaintiff were done without probable cause to believe the Plaintiff committed a criminal act and that the charges were placed against the Plaintiff with full knowledge that the Plaintiff had done nothing illegal or improper.

69.     The Plaintiff states that the Defendants acted with actual malice as described in the aforementioned paragraphs of this Complaint and that the actual malice is further exemplified by the fact that the Defendants fabricated the Plaintiff's charges that would lead to the deprivation of the Plaintiff's liberty and freedom.

70.     The Plaintiff suffered and continues to suffer severe emotional distress, embarrassment and humiliation from being illegally detained and arrested without

14

probable cause and from being denied her liberty and freedom without any Due Process
of Law.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of
One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars
($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for
violating the Plaintiff's constitutional rights guaranteed under Article 24 of the Maryland
Declaration of Rights.

**COUNT IX**

**(Article 26 of the Maryland Declaration of Rights)**

71.  Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1
through 70 as if fully set forth in this Count IX and in further support of her cause states;

72.  The Plaintiff further states that the Defendants violated the Plaintiff's state
constitutional rights under the Maryland Declaration of Rights when they arrested and
detained the Plaintiff without a warrant supported by probable cause and/or when they
arrested the Plaintiff without probable cause to believe the Plaintiff committed a criminal
act that warranted an arrest in this matter.

73.  The Plaintiff states that the Defendants acted with actual malice as
described in the aforementioned paragraphs of this Complaint.

74.  The Plaintiff suffered and continues to suffer severe emotional distress,
humiliation, and embarrassment from being illegally detained and arrested without
probable cause.

WHEREFORE the Plaintiff, Lillian Parker, demands judgment in the amount of
One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars

15

($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for violating the Plaintiff's constitutional rights guaranteed under Article 26 of the Maryland Declaration of Rights.

## COUNT X

### (Violation of 42 U.S.C. § 1983)

75.     Plaintiff, Lillian Parker, hereby incorporates and realleges paragraphs 1 through 74, supra as if fully set forth in this Count X and in further support of her cause states;

76.     The Defendants violated her constitutional rights under the United States Constitution to be free of unreasonable searches and seizures.  Also, the Defendants violated the Plaintiffs Constitutional rights by employing excessive force against the Plaintiff when she was arrested and detained.  Further, the Defendants displayed deliberate indifferences to Plaintiff rights, thereby, violating her right to due process of law under the Fourteenth Amendment to the United States Constitution.

77.     This claim for damages and other appropriate relief is brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's federal civil rights by all Defendants, whose actions were taken under the color of State law.

WHEREFORE the plaintiff, Lillian Parker, demands judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, plus interest and costs, against the Defendant for violating the Plaintiff's constitutional rights guaranteed under 42 U.S.C. § 1983.

16

Timothy M. Dixon
The Equitable Building
Suite 522
10 North Calvert Street
Baltimore, Maryland 21202
Telephone: (410) 747-6660
Facsimile: (410) 747-6662
Federal Bar I.D. 27096
*Attorney for Plaintiff*

Respectfully submitted,

Emanuel M. Levin
the Equitable Building
Suite 522
10 North Calvert Street
Baltimore, Maryland 21202
Telephone: (410) 727-4973
Facsimile: (410) 659-5370
Federal Bar I.D. 00919
*Attorney for Plaintiff*

## REQUEST FOR JURY TRIAL

The Plaintiff respectfully requests a Jury Trial on all counts in this Complaint.

Timothy M. Dixon

Emanuel M. Levin

17