IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LILLIAN PARKER<br>Plaintiff<br>vs.<br><br>OFFICER CALVIN MOSS, et al<br>Defendant(s) | *<br>*<br>*<br>*   CIVIL ACTION NO. 1:10-cv-1073<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S COUNTER-MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I.   INTRODUCTION

On April 28, 2010, Plaintiff Lillian Parker ( hereinafter Plaintiff or Parker) filed a Complaint making the following claims against each of the Defendants, Calvin Moss and Daniel Hersl (hereinafter as Moss and Hersl or Defendants) : Count One – Battery; Count Two – False Imprisonment; Count Three – False Arrest; Count Four – Abuse of Process; Count Five – Malicious Prosecution; Count Six – Intentional Infliction of Emotional Distress; Count Seven – Invasion of Privacy- False Light; Count Eight – Violation of Article 24 of the Maryland Declaration of Rights; Count Nine – Violation of Article 26 of the Maryland Declaration of Rights; Count Ten – Violation of 42 U.S.C. § 1983.

Plaintiff Parker contends that not only are the Defendants Moss and Hersl not entitled to a Summary Judgment in their favor, upon review of the undisputed material facts provided herein the Plaintiff Parker each of the averments of the complaint is meritorious and entitled based upon the facts and the law to have a ruling for summary judgment in her favor. For the reasons set forth herein, Plaintiff is entitled to the entry of summary judgment in their favor as a matter of law.

## II. RELEVANT FACTUAL BACKGROUND

The Plaintiff, on or about May 11, 2007, after finishing her duties as a cafeteria worker at Lethwalk Elementary School 10, a public school in Baltimore, Maryland, and decorating her church for an upcoming weekend prayer breakfast; she then drove to the area of Harford Road and Darley Avenue to give a family friend, tickets to the church prayer breakfast which was scheduled for the next weekend. Plaintiff went to the residence of family friends and began conversing. Becoming hungry, the Plaintiff proceeded to walk on the 1600 block of Normal Avenue, a public thoroughfare in Baltimore City, Maryland, with the intention of becoming a business invitee at the local carry-out restaurant. As Plaintiff walked down the 1600 block of Normal Avenue awaiting her friend, she received a call on her cellular phone from her friend telling her to wait where she was and that her friend would meet her at that location and the Plaintiff could deliver the Church's prayer breakfast tickets to her on the street.

At or near that location, several individuals had been stopped by officers of the Baltimore City Police Department. In a short while, Plaintiff's friend began to approach Plaintiff on Normal Avenue, when at approximately this same time Plaintiff was approached by a male Baltimore Police Officer. At that point the male Baltimore Police Officer, identified as Defendant, Officer Daniel Hersl, approached the Plaintiff and asked her how she was doing. Plaintiff responded appropriately and pleasantly. Despite her response, Defendant Hersl, without provocation, unlawfully detained the Plaintiff requiring her to walk with him away from her friend arriving to pick up the tickets. Plaintiff questioned the Defendant Hersl as to why she was leaving the area at which she had been told to wait by her friend and the Defendant replied insisting she comply with his order and Plaintiff complied, therefore, as a result of his instruction, Plaintiff's movement was restricted and she was not free to leave.

Despite Plaintiff's compliance with the Defendant's instruction, and her lack of

involvement in any ongoing Police investigation or being at a location sufficiently close to the investigation, Plaintiff, who was over 50 years old, having no prior criminal record, and no warrants for her arrest was then ordered to sit down on the street and she complied with said instruction. Defendant Moss then ordered Defendant Unknown Officer to detain, hold, and grab the Plaintiff offensively and without her consent and placed in handcuffs and then and there be immediately arrested and charged with felonies for crimes relating to narcotic violations under Maryland law, while both Defendant Moss, Defendant Hersl and other unknown officers knew or should have constructive knowledge that there was no reasonable suspicion, probable cause, or actual knowledge that Plaintiff committed any criminal activity.

As result of the improper stop, unwanted and unwarranted touching, being falsely arrested, publicly falsely accused and arrested, the Plaintiff sustained extreme embarrassment and humiliation from being arrested without probable cause and legal justification in front of her friends, family, and the community at-large, and the Plaintiff further sustained severe emotional, mental, and physical pain, as well as loss of dignity as a result of the Defendants' illegal and unjustified arrest of her.

Due to the improper acts of the Defendants, the Plaintiff was incarcerated for more than two days in the Baltimore City Central Booking Intake Facility. Her arrest required her to retain and pay for counsel to represent her. She was required to take off work and lose income as a result of her improper arrest and detention.

Plaintiff was publicly humiliated arrested in front of her family members and other people in the community.

On the first trial date, the Assistant State's Attorney upon reviewing all facts and allegations against her determined that the matter should be dismissed and that the matter was dismissed in open Court at the request of the State and a Nolle Prosequi was entered.

3

There was no basis to initially charge the Plaintiff with any crime nor did probable cause or reasonable suspicion of any wrongdoing exist at the time of her arrest.

The Defendants' actions during the incident with Plaintiff were motivated by anger, hate and ill will.

It should first be noted that Defense counsel terminated the deposition of Plaintiff before allowing her to be examined by Plaintiff's counsel. Yet now Defense counsel seeks to use the incomplete deposition of Plaintiff in a summary judgment motion. See Exhibit 1 Deposition of Plaintiff, 286-297. Defense counsel never sought to continue the deposition of Plaintiff at any time prior to the filing of their motion. It would be highly improper to allow Defendants to use an incomplete deposition as the basis for summary judgment. It flies in the face of fair play.

There are agreed disputed facts:

1) that Officer Moss and Officer Hersl both engaged in the warrantless arrest of Plaintiff, which is presumptively unconstitutional. Based on his own admission Officer Moss wrote the charging documents and told Officer Hersl to take Plaintiff into custody and arrested. (*See* Deposition Exhibit 2, Statement of Probable Cause written by Defendant Moss).

2) Plaintiff Parker is clear that Officer Hersl was the first police officer to approach her and he stopped her, ordered her to come with him and made her sit down on steps prior to her being searched and handcuffed for transport to the Central Booking Intake Facility ("jail"). *See* Deposition Exhibit 3, Plaintiff's Deposition 126: 18-19, 127:6-17, 129:13-16, 218:8-11). Defendants completely mischaracterize the testimony of Plaintiff. She is clear that Officer Moss told Officer Hersl to take her into custody and Hersl did so without objection. Hersl ordered her to come

4

with him and she complied to his authority as a police officer. Defendants seek to gain summary judgment from the use of the term "civil" by Defense counsel during deposition. While it matters not the tone of the language used by either defendant, what is material is whether there was probable cause for Plaintiffs arrest and charges. Defendants ignore the testimony of both Moss and Hersl at deposition when both stated that the reason for Plaintiff's arrest was that they both observed her committing a crime. *See* Exhibit 4, Moss Deposition 34:19-21. *Also See* Exhibit 6, Hersl Deposition 16:13-21, 17:1-2.

3) It is agreed and undisputed that neither Defendant can state with specificity exactly what Plaintiff did that constituted the charges that were lodged against her. Defendants admit that no purchasers of narcotics were apprehended and in fact they may not have even given descriptions of the alleged buyers to other officers. Defendants did not describe in the statement of probable cause nor at deposition any of the alleged buyers. See Exhibit 7, Moss Deposition, 39:9-21, 40:1-8, 12-21. No illegal narcotics were recovered from any buyers, nor did Defendants recover any illegal narcotics from Plaintiff. In fact the only alleged illegal narcotics recovered were from the ground in a public area, which the Defendants could not attribute to any one individual and what Defendant Moss says were recovered in a transport wagon that was used to transport hundreds, if not thousands of arrestees prior to this incident. See Exhibit 1.

4) It is undisputed that neither Defendant Moss or Hersl were able to articulate which arrestee they arrested is alleged to be selling cocaine, or marijuana. Defendants were also unable to describe the items they alleged to be sold as cocaine or marijuana.

5

5) It is undisputed that Defendant Moss was unable to articulate the conversations that he stated Plaintiff participated although he alleged she engaged in a conspiracy. Yet Defendant Moss states that he and Defendant Hersl were within 15-20 feet of these illegal transactions. See Exhibit 8, Moss Deposition 39:21-40:7.

6) It is undisputed that Defendant Moss charged Plaintiff with possession of marijuana and cocaine, though no marijuana or cocaine was recovered within the nexus of the Plaintiff or on her person or within her reach or grasp.   See Exhibit 1.

7) It is undisputed that despite Defendants allegations on the charging documents that they heard Plaintiff conversing with the arrestees to sell drugs, yet both stated in deposition that they could not hear the alleged conversations of Plaintiff and the other arrestees. See Exhibit 9, Moss Deposition 19:1-7.

8) That it is undisputed that Defendant Moss charged Plaintiff with a handgun found in a location not associated in any way with Plaintiff, nor on her person, nor within her lunge, reach or grasp.  See Exhibit 1.

That it is undisputed that Plaintiff did not commit any crime.  Furthermore, Defendant Moss himself produced a video recording that clearly and accurately displays the scene at the time of the incident.  See Exhibit 10, Video Recording Produced by Defendant Moss.  In this recording Plaintiff is seen at the other end of the street from the other arrestees talking to a toddler and her parents.  No criminal activity is observed, thus making Defendants allegations, wholly false.

## II. LEGAL ARGUMENT

Defendants' motion for summary judgment should be summarily denied. [Because] On [a] summary judgment [motion] the inferences to be drawn from the underlying facts contained in (the moving party's) materials must be viewed in the light most favorable to the party

opposing the motion, United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, therefore, Defendant's motion must be denied.

"The Fourth Amendment provides, in pertinent part, "the right of the people to be secure in their persons [and] houses . . . against unreasonable searches and seizures shall not be violated . . . ." U.S. Const. Amend. IV." DeVentura v. Keith, 169 F. Supp. 2d 390, 396 (D. Md. 2001). Thus, "[t]he court must examine whether there was probable cause for [the Plaintiff's] warrantless arrest. If there was no probable cause, the arrest is invalid." Id.

In the case at Bar, the Defendant contends that there was probable cause to arrest the Plaintiff. Plaintiff contends that for the purpose of their motion, Defendants statement of probable cause is transparently incorrect and is disputed by evidence they have sought to suppress. Considering their motion, their probable cause is so tainted by their own testimony and other evidence that it is clear that there is a dispute and therefore it is a question of fact for a jury. It is common legal knowledge that warrantless arrests are presumptively unconstitutional. Defendants offer no corroboration of their reasoning that they allege arises to probable cause for Plaintiffs' arrest. Defendants state that Plaintiff alerted "drug dealers" to the arrival of the police officers. Plaintiff vehemently denies such. See Exhibit 6, Affidavit of Plaintiff.

However, considering the facts in the Counter Motion, the Defendants actions and their own statements and that of a video taken of the scene are sufficient for this matter to be determined in favor of the Plaintiff against them.

Furthermore, Defendants fail to state as to which count(s) their argument is applicable for the motion at hand. Defendant's motion for Summary Judgment argument is so vague and ambiguous and unsupported by any evidence other than an incomplete deposition that it fails to meet the minimum evidence required to assert that there is no undisputed facts and for that reason alone should be denied.

Summary judgment must be denied when the court of first instance determines that a

"genuine dispute as to [a] material fact" precludes immediate entry of judgment as a matter of law. Fed. Rule Civ. Proc. 56(a). Such rulings, we have observed, are "by their terms interlocutory." *Liberty Mut. Ins. Co. v. Wetzel*, 424 U. S. 737, 744 (1976).

## III. CONCLUSION

Defendants' motion does not supply sufficient facts or context in which to create a situation in which this matter should not be presented to the jury and should be denied, on the other hand, considering all facts presented and the material evidence of the newly released video (which has been edited while in the control of the Defendants and is not discussed in the Defendants' Motion while they attempted to suppress the video of the acts immediately before the arrest) is sufficient to grant relief to the Plaintiff in this matter.

Respectfully submitted,

/S/
Timothy M. Dixon
(Fed. Bar. No. 27096)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2011, a copy of the forgoing Response to Defendant's Motion for Summary Judgment was electronically filed and forwarded via the court's electronic filing system to Michael Marshall, Esquire and Lindsay Cooper, Esquire at Schlachman, Belsky, and Weiner, 300 East Lombard Street, Suite 1100, Baltimore, Maryland 21202.

        Respectfully submitted,

        _____/s/_____
        Emanuel M. Levin
        Timothy M. Dixon
        10 North Calvert Street Suite 522
        Baltimore, Maryland 21202
        410-747-6660
        Attorneys for Plaintiff